UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alex T., | No. 26-cv-00922-SRB-DTS |
|     Petitioner, | |
| | **ORDER** |
| v. | |
| Pamela Bondi, *et al.*, | |
|     Respondents. | |

Before the Court is Petitioner Alex T.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Ecuador. He has lived in the United States since August 2023. On January 27, 2026, Petitioner was arrested in the District of Minnesota by immigration officials acting as part of Operation Metro Surge. There is no evidence that he was the subject of a judicial or administrative warrant, and he has not been afforded a bond hearing. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226.

1

This Court finds that because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate the analysis of the majority of courts to have considered the matter. Of course, these issues are complex. But the Court believes that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Petitioner or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases. Upon information and belief, "Respondents had no such warrant." (Doc. #1, p. 16.)

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Alex T.'s Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 5, 2026               *s/Stephen R. Bough*
                                     Stephen R. Bough
                                     United States District Judge